

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MLM:JAJ:BWB:ZA

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 10, 2010

**<u>BY FACSIMILE AND ECF</u>**

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  United States v. Russell Defreitas, et al.
> <u>Criminal Docket No. 07-543 (DLI)</u>

Dear Judge Irizarry:

Below please find a list of venire members whom the parties have not agreed to strike, identifying the questions for each that the government believes require further inquiry.

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 5 | **81** (inquire whether juror can put aside feeling and follow the law on presumption of innocence and burden of proof) |
| 6 | **H7** (inquire re arrangements for babysitting, considering full-time employment, husband, and live-in aunt)<br>**48** (inquire re reaction to murder of cousin and friend where "person did 3 years")<br>**50** (inquire re circumstance of case in which she was subpoenaed, reaction to that experience)<br>**70** (inquire whether family and close friends in Trinidad and Tobago would affect service)<br>**78** (inquire whether the checking of both boxes was a mistake due to confusing question, or indicated ambivalence) |

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 8 | **H1** (inquire regarding nature of vacation plans in July and date for subpoena in August)<br>**52** (inquire whether she can decide this case based on the facts and law, and put the case in which she is a witness out of her mind)<br>**61-63/99** (instruct that this case has no factual relationship to 9/11, inquire whether she can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**73(c)** (inquire whether juror knows U.S. Attorney Loretta Lynch (line left blank))<br>**47** (instruct re the difference between grand jury and petit jury service) |
| 12 | **20(a)** (inquire whether any knowledge or opinion on Islam would affect ability to be fair and impartial)<br>**49** (inquire about circumstances of DWI crime and conviction, reaction to experience, ability to be fair and impartial)<br>**49** (inquire about circumstances of son's crime and conviction, reaction to experience, ability to be fair and impartial)<br>**100** (inquire re ability to pass judgment) |
| 15 | **16** (inquire re where wife and sister work at JFK Airport, for how long, ability to be fair and impartial)<br>**47** (inquire re time frame of jury service)<br>**49** (inquire about circumstances of son's crime and conviction, reaction to experience, ability to be fair and impartial)<br>**75** (inquire re whether he spoke about case with wife and sister) |

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 18 | **48(b)** (inquire re opinion that police are stopping people randomly, ability to be fair and impartial)<br>**70** (inquire re uncle identified as "lawyer for Guyana," any visit to Guyana, ability to be fair and impartial)<br>**76** (inquire re opinion, ability to put any opinion aside and be fair and impartial)<br>**81** (inquire whether juror can put aside feeling and follow the law on presumption of innocence and burden of proof)<br>**93** (inquire whether the checking of both boxes was a mistake due to confusing question, or indicated ambivalence) |
| 21 | **H2** (inquire whether vocal chord problem would affect ability to deliberate)<br>**20, 61-63** (instruct that this case has no factual relationship to 9/11, inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**21** (instruct that jurors must base verdict solely on evidence, inquire whether juror can put whatever he read out of his mind)<br>**25** (instruct that this case is being prosecuted in federal court pursuant to the Constitution and laws of the US and jurors must put aside any political opinion of what venue terrorists should be prosecuted in, inquire about ability to apply law as instructed and be fair and impartial)<br>**59** (inquire whether nephew's employment at DEA would affect ability to be fair and impartial)<br>**72** (inquire whether feelings regarding listed groups would render him unable to be fair and impartial) |
| 24 | **56, 100** (inquire re ability to serve despite pressure)<br>**47(c), H1** (inquire re babysitting duties)<br>**16** (inquire re experience at JFK Airport)<br>**21, 59, 61-63** (instruct that this case has no factual relationship to 9/11, inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**81** (inquire whether juror can put aside feeling and follow the law on presumption of innocence and burden of proof) |

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 25 | **47** (inquire re prior jury service, checked 'yes,' but did not fill out grid)<br>**81** (inquire whether juror can put aside feeling and follow the law on presumption of innocence and burden of proof)<br>**83** (inquire re the presumption of innocence and Fifth Amendment since juror did not understand question)<br>**H7** (explain law on jury service and transportation costs) |
| 27 | **20** (inquire further re ability to be fair and impartial given knowledge of Islam)<br>**48** (inquire about circumstances of crime against friend and outcome of investigation, reaction to experience, ability to be fair and impartial)<br>**61** (instruct that this case has no factual relationship to 9/11, inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**97/98** (inquire further re ability to avoid discussion, influence from family and friends) |
| 29 | **10** (inquire further re details of employment with "inquiry unit") |
| 32 | **78(b)**(inquire re ability to treat law enforcement witness the same as all other witnesses) |
| 35 | **49** (inquire about circumstances of misdemeanor conviction, reaction to experience, ability to be fair and impartial)<br>**51** (inquire about circumstances of unfair treatment, ability to be fair and impartial)<br>**69** (inquire about who lived in Morocco, when, what experience)<br>**78(b)**(inquire re ability to treat law enforcement witness the same as all other witnesses) |

4

| Juror | Questions from questionnaire requiring follow-up |
|-------|--------------------------------------------------|
| 37 | **H7** (inquire re planned trip for family emergency in Miami on July 24-31)<br>**2(c)** (inquire about which family members immigrated to the United States)<br>**4(a)** (inquire about what position she lost due to discrimination, whether it would impact ability to be fair and impartial)<br>**48(b)** (inquire about what is unfair about law enforcement/criminal justice system, what is very wrong, and ability to be fair and impartial)<br>**49(b)** (inquire about whose decision are not good, who is it hard to trust, and ability to be fair and impartial)<br>**60** (inquire re feeling that "police are liars")<br>**67** (inquire re feeling that "they can be involved")<br>**78(b**)(inquire re ability to treat law enforcement witness the same as all other witnesses)<br>**86** (inquire re reservations about returning 'not guilty' verdict)<br>**87** (inquire re reservations about returning 'guilty' verdict)<br>**96**(inquire re unwillingness to inform Court re exposure to media coverage) |
| 42 | **13** (inquire about the person the juror identified as serving in the National Reserves)<br>**16(a), 48(c), 50(a) and H7** (Inquire about the juror's work-related hardship.  Will she be paid during jury service and, if not, what kind of financial hardship will that pose?)<br>**60(a**) (inquire about her negative views of law enforcement officers – does this stem from a personal experience and can she still be fair and impartial?)<br>**70(a)** (inquire whether her views on the Guyana government would affect her ability to be fair)<br>**78(b)** (inquire what she meant in comment about the court's instructions on law enforcement witnesses) |
| 44 | **76, 77(b), 78 (a) and (b), 81(b)** (inquire about the answer to these questions, which the juror left blank)<br>**H1** (inquire about the juror's work-related hardship. Will she be paid during jury service and, if not, what kind of financial hardship will that pose?) |

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 46 | **78(b)** (inquire about the juror's response that once on the witness stand the witness "ceases to work for the government.") |
| 47 | **17, 100, H7** (inquire about the juror's 6/25 travel to Los Angeles and her work-related hardship – is there anyone else that can cover her duties while she serves on the jury?)<br>**60** (inquire whether her view that some law enforcement officers "can be corrupt" will affect her ability to be fair)<br>**77(b) and (c)** (inquire whether the juror can follow the Court's instruction that these defendants are not related to the Times Square incident when deciding the issues in this case)<br>**89** (inquire whether the juror can put her own views out of her mind and follow the Court's instruction regarding the presumption of innocence)<br>**89 (pg 43)** (inquire whether juror can follow the Court's instruction that non-citizens are entitled the same rights) |
| 50 | **83 and 84** (instruct the juror on the burden of proof and the defendants' right not to testify and inquire whether she will be able to put aside her own views and follow the Court's instructions)<br>**96** (inquire whether the juror can follow the Court's instruction not to read about the case during jury service.  Explain that, although she reads the news for work, she will not be working during the trial)<br>**H7** (inquire about work-related hardship and whether someone else can cover juror's duties during jury service) |
| 52 | **20(b)** (inquire about juror's response and whether the juror could put his views about superstition and extremism out of his mind and be fair)<br>**63** (inquire further about the juror's experience during the anthrax threat – can he put this out of his mind and be fair)<br>**H7** (inquire further re July vacation) |

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 54 | **86** (inquire whether juror made a mistake in her answer to 86.  If not, ask juror to provide a reason she would have reservations about returning a not guilty verdict) **H7** (inquire further about whether June laser surgery will affect her jury service and, if so, whether it could be rescheduled) |
| 56 | **12**, **55, 57** (inquire about his wife's position as a law clerk and whether anything about that would affect her ability to be fair) **26** (inquire about the juror's views about the possibility that people with certain characteristics are more prone to commit crimes.  Instruct him that the defendants are innocent until proven guilty) **94** (Instruct juror that he cannot allow his personal views to affect his deliberations and inquire as to whether he will be fair) **95, 96** (inquire further re ability to avoid reading about the case on the internet) |
| 58 | **55**, **57, 59** (inquire about his sister's position as a law clerk and his cousin's position in the D.A.'s office and whether anything about that would affect his ability to be fair) **79** (inquire about his views of cooperating witnesses and his ability to fairly consider their testimony) **H6** (inquire about the extent of his vision problems) |
| 59 | No follow-up questions |
| 60 | No follow-up questions |
| 61 | **55** (inquire about the type of work she did as a legal secretary and in word processing at a law firm, i.e. did she work on criminal or civil cases, and whether it would affect her ability to be fair) |
| 64 | **47** (inquire about the nature of her prior jury service) **48** (follow-up on her statement that "every make mistakes") **82 and 83** (clarify which answer the juror meant to check on these two questions) |

| Juror | Questions from questionnaire requiring follow-up |
|-------|--------------------------------------------------|
| 108 | **17, H1, H7** (inquire further about juror's vacation plans in June)<br>**78(b)**(inquire whether the juror made a mistake on 78(b) and, if not, why she would be unable to follow the Court's instructions regarding law enforcement witnesses)<br>**86** (inquire about the juror's reservations in returning a not guilty verdict and whether she can follow the Court's instructions) |

Respectfully Submitted,

LORETTA E. LYNCH
United States Attorney

By:         /s/
Marshall L. Miller
Jason A. Jones
Berit W. Berger
Zainab Ahmad
Assistant U.S. Attorneys
(718) 254-6421/7553/6134/6522

cc:  Defense Counsel (via ECF and email)

8