# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 350 FIFTH AVENUE, SUITE 4810 | Tel: (212) 643-2900 |
| EMPIRE STATE BUILDING | Fax: (212) 643-2901 |
| NEW YORK, NEW YORK 10118 | Email: mhueston@nyc.rr.com |

ADMITTED NY

March 14, 2011

BY HAND / ECF
The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Defreitas, et al.,* 07-cr-543-DLI

Your Honor:

Zoe Dolan and I represent Kareem Ibrahim in the above referenced case.

**A.    List of Recordings and Witnesses**

Pursuant to the Court's February 28, 2010 order, I write to notify the Government that there are no changes to Mr. Ibrahim's list of recordings, or list of foreign witnesses.

**B.    CIPA Notification**

Defendant requests a hearing pursuant to the Classified Information Procedures Act to compel disclosure of discovery related to a memorandum generated in connection with a meeting in October 2006 involving Matthew Hanratty and Robert Addonizio. We request the identity of the author of the document, the author's agency affiliation, the date the document was generated, the names and related agencies of any other attendees and specific information about what statements were made by each attendee of the meeting.

In support of this application, defendant incorporates by reference the July 5, 2010 "Motion for an Evidentiary Hearing Pursuant to CIPA," submitted on behalf of co-defendant Russell Defreitas and the arguments set forth therein. *See* Document Number 356. Further, we maintain that the information sought is necessary to the preparation of the defense and must be disclosed pursuant to Fed. R. Crim. Pro. 16, and *Brady v. Maryland*, 373 U.S. 83 (1963).

The document and an explanation of its creation relate to the question of intent and the quality of the Government's investigation. Specifically, the document and details about it are relevant to whether the target of the Government's investigation was anyone other than Mr. Ibrahim or any other defendant and whether Mr. Ibrahim or any other defendant was not capable or likely of participating in or carrying out any of the crimes charged in the indictment, including obtaining funding from individuals and organizations associated with Iran. These issues are

The Honorable Dora L. Irizarry                                       *United States v. Defreitas, et al.*, 07-cr-543-DLI
March 14, 2011

questions of fact that go to the core of this case.  In light of how limited Mr. Ibrahim's involvement with his alleged co-conspirators was, an adequate defense requires exploring this area of inquiry.

Defendant notes that in his March 22, 2010 Memorandum at Section III, he demanded information in the possession of any United States Federal agency or the United States intelligence community concerning Yasin Abu Bakr and JAM.  And, in his April 9, 2010 Reply Memorandum at Section II, Mr. Ibrahim demanded information in the possession of any United States Federal agency or the United States intelligence community indicating that the target of the Government's investigation was anyone other than Mr. Ibrahim or any other defendant, or indicating whether Mr. Ibrahim or any other defendant was not capable or likely of participating in or carrying out any of the crimes charged in the indictment, including obtaining funding from individuals and organizations associated with Iran.  *See* Document Numbers 170 and190.  Furthermore, upon learning of a document concerning the October 2006 meeting, which we viewed as falling within defendant's prior demands, Mr. Ibrahim continued to pursue information regarding this discovery under Rule 16 and *Brady*.  *See* Document Numbers 357, 419, 442, 487, and 512.

Accordingly, defendant requests that the requested material be disclosed.

Sincerely,

s/
Michael Hueston
Zoe Dolan

cc:    AUSAs Marshall L. Miller, Berit W. Berger, and Zainab Ahmad (by ECF)
       Defense Counsel (by ECF)

2