

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MLM:BWB/ZA                          *271 Cadman Plaza East*
                                    *Brooklyn, New York  11201*

April 28, 2011

**BY FACSIMILE AND ECF**

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

                Re:  United States v. Kareem Ibrahim
                     Criminal Docket No. 07-543 (DLI)

Dear Judge Irizarry:

        Below please find a list of the first 50 venire members whom the parties have not agreed to strike, identifying the questions for each that the government believes require further inquiry.  Also, included below are follow-up questions for the seven additional jurors that the Court directed would be called early due to scheduling issues, juror numbers 38, 130, 141, 157, 159, 334 and 490.  Finally, the parties have agreed to strike juror number 57 for cause.

| Juror | Questions from questionnaire requiring follow-up |
|---|---|
| 2 | **51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 3 | **41** (inquire about nature of criminal case brought against son)<br>**55** (inquire as to whether juror can put aside personal knowledge of JAM and rely solely on evidence presented at trial) |
| 6 | **16(a)/53/85** (inquire as to whether juror can put aside personal connection to JFK and base verdict solely on evidence and law)<br>**64** (inquire as to whether juror can put aside whatever little she may have heard about case and base verdict solely on evidence and law) |

| 9 | **16/H7** (inquire as to whether juror can put aside personal connection to JFK and base verdict solely on evidence and law) |
|---|---|
| 10 | **25** (inquire as to whether juror can follow rule of law that individuals charged with terrorist offenses are entitled to fair and impartial jury trial)<br>**58(a)** (inquire as to whether juror can put aside personal views on Trinidadians and base verdict solely on evidence and law) |
| 11 | **51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**55(a)** (inquire as to whether juror has heard of JAM and whether her knowledge about it, if any, would impair her ability to be fair)<br>**58** (inquire as to whether daughter-in-law's connection to Guyana and Trinidad would affect her ability to base verdict solely on the evidence)<br>**64(b)** (inquire as to whether juror can put aside anything she may have heard about case and base verdict solely on evidence and law)<br>**H7** (inquire as to degree of hardship that travel to Brooklyn poses) |
| 12 | **24** (inquire as to whether juror can put aside her views on garb occluding face and base verdict solely on evidence and law)<br>**H7** (instruct juror that her daily presence in court will not be required until after May 6th and inquire as to whether, given that schedule, she still faces any hardship) |
| 13 | **39** (inquire as to nature of juror's prior negative jury experience and effect that experience would have on his potential service in this case)<br>**66(b)** (inquire as to whether juror can follow Court's instructions regarding law enforcement witnesses)<br>**78/80** (instruct juror that this is not a death penalty case and inquire as to whether his religious views as a Jehovah's Witness would have any impact on his ability to render judgment in this case) |

| 18 | **38** (inquire as to what juror meant by "lack of protection")<br>**39** (inquire as to precise date of juror's prior service, because if it was within two years he may be excused from serving again)<br>**58** (inquire as to whether juror can put aside personal knowledge of Trinidad & Tobago and base verdict solely on evidence presented at trial)<br>**H3** (inform juror about pace and frequency of breaks during trial and inquire whether, in light of that, his inability to sit for long periods will constitute an undue hardship) |
| --- | --- |
| 20 | **H1** (inform juror about Court's daily schedule and inquire whether she could have someone else care for her mother from 9 a.m. onwards and/or whether mother's aide could come in early for the period of juror's service) |
| 23 | **20** (inquire as to whether juror will be able to put aside whatever negative things she may have heard about certain Muslims growing up and decide this case based solely on the evidence and the law)<br>**84** (ask juror whether she would follow Court's instructions not to discuss case with others until verdict and not to base verdict on anything other than evidence and law)<br>**85** (inquire as to nature of the "negative news" that juror – who indicated in 64 that she has not read anything about this case — has been "bombarded" with; if it concerns issues factually distinct from this case, instruct juror that that is the case and inquire whether, given that distinction, she can be fair and impartial)<br>**H3/H7** (inquire as to nature of juror's speech impediment and whether it will affect her ability to serve) |
| 24 | **H1/H7** (inquire about wife's health status and whether it would have an effect on juror's ability to serve) |
| 25 | **39** (inquire into reason verdict was not reached during prior service, <u>i.e.</u>, did case settle or did jury hang?) |

| 26 | **18(e)** (inquire into nature of discrimination juror suffered and whether it would affect her ability to be fair and impartial)<br>**53** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**82** (inquire into juror's ability to avoid researching or reading media reports about the case)<br>**H7** (inquire into nature and degree of employment hardship) |
|---|---|
| 27 | **19** (inquire into whether juror can set aside whatever she has learned about Islam from uncle and decide this case based solely on the evidence and law) |
| 28 | **17** (inquire into juror's ability to put aside her concerns and base her verdict solely upon the evidence and the law)<br>**51/53** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**84** (inquire into juror's ability not to discuss case with others before verdict and to not be influenced by anything other than evidence and law)<br>**H7** (inquire into nature and degree of work hardship) |
| 29 | **64** (inquire into juror's ability to put aside whatever little he may have heard about case and base verdict solely on the evidence and the law) |

| | |
|---|---|
| 30 | **39** (inquire into reason verdict was not reached during prior service, *i.e.*, did case settle or did jury hang?)<br>**51/53** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**55** (inquire into whether, when juror refers to "JAM," he is referring to the Trinidad-based group "Jamaat al Muslimeen" or to the Iraq-based group, "Jaysh al-Mahdi"; if juror is referring to Trinidadian group, inquire as to whether juror will be able to put aside anything he may know about JAM from his "classified reading" and base verdict solely on the evidence presented at trial)<br>**58(a)** (inquire as to whether juror can put aside what he has learned about Guyana and Trinidad's relationship to drug smuggling in a case that does not involve drug smuggling and base his verdict solely on the evidence and the law) |
| 31 | **51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 35 | **H3/H6** (inquire whether, with reasonable accommodations, juror's diabetes will interfere with service) |
| 38 | **H7** (inquire whether the juror's vacation is pre-paid)<br>**16(a)** (inquire about the nature of juror's work-related hardship)<br>**36** (inquire which groups the juror or the juror's family are involved with ) |
| 39 | **H2** (inquire about the juror's English ability)<br>**82(a) and 84(a)** (have the juror answer these two questions) |
| 40 | **H1** (inquire about the nature of the juror's work-related hardship)<br>**20** (inquire what the juror means when he says "that they get fanatical")<br>**37 and 38** (have the juror answer these two questions) |
| 42 | **58(a), 66(b), 85** (have the juror answer these questions) |

| | |
|---|---|
| 45 | **67** (inquire about the juror's view that cooperating witnesses "cannot be fully trusted" and ask whether the juror can be fair and impartial in this case) |
| 47 | **42** (inquire further about the nature of the juror's testimony in a bank robbery case)<br>**51 and 53** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 48 | **39** (inquire why the juror's prior jury service was a negative experience) |
| 49 | **51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 51 | **16** (ask whether the juror's work at an airport will impact his ability to be fair and impartial) |
| 52 | **65** (ask what opinion the juror has formed about the case) |
| 54 | **64(a) and 65** (ask about the juror's opinions about this case and whether she can put aside any views and decide the case solely on the evidence and the law) |
| 57 | Consent to strike |
| 59 | No follow-up questions |
| 62 | **H2, 7, 42(a), 43(b), 86** (inquire about the juror's English ability)<br>**76** (inquire re ability to follow law that non-citizens have same fair trial rights as citizens) |
| 64 | No follow-up questions |
| 65 | **64** (inquire whether the juror can put aside anything they have heard about the case and decide the case solely on the evidence and the law) |
| 66 | No follow-up questions |
| 69 | **64** (inquire whether the juror can put aside anything they have heard about the case and decide the case solely on the evidence and the law) |

| | |
|---|---|
| 70 | **2** (ask where the juror was born and raised)<br>**3** (ask where in Brooklyn the juror lives)<br>**74** (inquire re ability to apply presumption of innocence) |
| 71 | **43 and 65** (ask juror to answer these questions)<br>**80** (instruct juror that this is not a death penalty case and inquire re ability to follow law on setting aside consideration of punishment) |
| 76 | **3©** (inquire re size, type, precision of former address in Guyana and whether family/friends still live there)<br>**16** (inquire re brother's work at JFK Airport, when worked there, knowledge of airport, ability to be fair and impartial)<br>**33** (inquire re what "EDD" stands for)<br>**38** (inquire re what "Bote" means)<br>**58** (inquire re life/experience in Guyana, how that might affect jury service, ability not to serve as Guyana expert, ability to be fair and impartial)<br>**74** (inquire re ability to apply presumption of innocence) |
| 79 | **25** (inquire whether juror can follow law that defendants charged with terrorism offenses are entitled to fair jury trial)<br>**66(b)** (inquire whether juror can follow instruction on law enforcement testimony)<br>**69** (inquire re ability to follow law that indictment is merely accusation)<br>**70-74** (inquire re ability fo follow law on presumption of innocence, 5th Amendment, burden of proof)<br>**76** (inquire re ability to follow law that non-citizens have same fair trial rights as citizens)<br>**80** (inquire re ability to follow law on setting aside consideration of punishment)<br>**81** (inquire re ability to follow law on setting aside sympathy, prejudice and bias)<br>**82(a)** (inquire whether juror would inform Court if exposed to media coverage) |
| 80 | **40** (inquire re positive feelings and methods of system to address society's needs) |

| 82 | **42** (inquire re testimony/appearance at legal proceeding relating to malpractice for son)<br>**63(b)** (inquire whether juror has any connection with co-defendants Defreitas, Kadir or Nur – left blank)<br>**66(b)** (inquire whether juror can follow instruction on law enforcement testimony – left blank) |
|---|---|
| 86 | **H1** (inquire re company conference, daughter's wedding) |
| 88 | **51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 89 | **H7** (inquire re timing of finals at school)<br>**7/15** (inquire re study of criminal justice, ability to set aside any outside knowledge) |
| 94 | **H1** (inquire re alternative care for 9-month old daughter on Thursdays)<br>**20/22/51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 98 | **H3/H7** (instruct re accommodation through break schedule)<br>**82** (instruct re media, importance of relying solely on evidence in court, inquire re ability to follow) |
| 106 | **39** (inquire re prior jury service: type of lawsuit, whether jury deliberated, why verdict was not reached (case settled or jury hung), why positive experience)<br>**47/50** (inquire re work as paralegal, ability to set aside outside knowledge)<br>**64** (inquire re ability to set aside whatever juror may have learned from media, be fair and impartial) |
| 130 | **H1/H7** (inquire as to whether vacation plans are prepaid) |
| 141 | **H1** (inquire into nature of travel plans and whether trip is prepaid) |

| | |
|---|---|
| 157 | **51** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**64** (inquire whether juror can put aside anything he may have heard about case in media and base verdict solely on evidence presented at trial)<br>**H7** (discuss nature of traffic court appearance, which likely will not conflict with service) |
| 159 | **H1** (inquire about nature of vacation plans and whether prepaid)<br>**H2** (inquire about extent of difficulty with English) |
| 334 | **H1** (inquire re availability)<br>**16** (inquire re work of ex-husband and friend at JFK Airport, when worked there, knowledge of airport, ability to be fair and impartial)<br>**39** (inquire re prior jury service: type of lawsuit, why positive experience)<br>**40/43** (inquire re robbery, experience with law enforcement and criminal justice system)<br>**41** (inquire re crime, prosecution and feelings re system, law enforcement, attorneys and justice system)<br>**42** (inquire re legal case, any testimony, outcome and feelings re legal system)<br>**51/52** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11) |
| 490 | **H1** (inquire re availability)<br>**17** (inquire into juror's ability to put aside his concerns and base verdict solely upon the evidence and the law)<br>**21** (inquire whether view on Islam and violence would affect ability to decide solely on the evidence presented and the law as instructed)<br>**51/53** (instruct that this case has no factual relationship to 9/11 and inquire whether juror can be fair and impartial in a terrorism case that is factually distinct from 9/11)<br>**64** (inquire re ability to set aside whatever juror may have learned from media, be fair and impartial) |

Respectfully Submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Marshall L. Miller
Berit W. Berger
Zainab Ahmad
Assistant U.S. Attorneys
(718) 254-6421/6134/6522


cc:  Defense Counsel (via ECF and email)